UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-154-FDW

| ROBERT L. SISK, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
|  | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e), (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis ("IFP Application"), (Doc. No. 3).

## I. BACKGROUND

Pro se Plaintiff Robert L. Sisk is a federal inmate currently incarcerated at Edgefield Federal Correctional Institution, in Edgefield, South Carolina. On November 16, 2011, Plaintiff was convicted in this Court after a jury trial of conspiring to possess with intent to distribute cocaine and methamphetamine. (Crim. Case No. 1:01-cr-52-MR-14, Doc. No. 194: Jury Verdict). On July 1, 2002, the Court sentenced Plaintiff to 276 months of imprisonment. (Id., Doc. No. 307: Judgment). Plaintiff's conviction was affirmed on direct appeal. (Id., Doc. Nos. 384; 385). Plaintiff filed a motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255 on October 13, 2005, and this Court denied the motion on the merits on October 23, 2009. (Id., Doc. Nos. 408; 441). Plaintiff thereafter filed a petition under 28 U.S.C. § 1651, which this Court denied on October 24, 2011. (Id., Doc. Nos. 472; 473). Plaintiff filed a second 2255 motion to vacate on March 25, 2015, which this Court denied as a successive petition on May 13, 2015. (Id., Doc.

Nos. 520; 521). Finally, Plaintiff filed a "Motion to Compel and for a Rule to Show Cause" on March 23, 2015, which this Court denied as a successive petition on May 13, 2015. (Id., Doc. Nos. 519; 523).

In this declaratory judgment action brought under 28 U.S.C. § 2201, Plaintiff has named the United States as the sole Defendant. Plaintiff seeks an order from this Court declaring: (1) that the North Carolina crime of assault on a female is not a crime of violence under U.S.S.G. § 4B1.2(a), and (2) that the North Carolina crime of assault on a female violates the Fourteenth Amendment.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.

Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

III. DISCUSSION

Plaintiff, a federal prisoner, purports to bring this action under the Declaratory Judgment Act. As noted, Plaintiff seeks an order declaring that (1) the North Carolina crime of assault on a female is not a crime of violence under U.S.S.G. § 4B1.2(a) and (2) that the North Carolina crime of assault on a female violates the Fourteenth Amendment. Plaintiff's claim appears to be that his prior state court convictions for assault on a female should not have been used to enhance his sentence in this Court.¹ "[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code." Calderon v. Ashmus, 523 U.S. 740, 747 (1998). An action under the Declaratory Judgment Act "may not be used to review the judgments of State or federal courts or as a substitute for post conviction remedies." Pruitt v. Campbell, 429 F.2d 642, 645 (4th Cir. 1970); see also United States ex rel. Bennett v. Illinois, 356 F.2d 878, 879 (7th Cir. 1996) (stating that the Declaratory Judgment Act "may not be used as a substitute for petition to correct a sentence in the court where the sentence was imposed"); Winters v. Fischer, Civil No. 11-2625, 2011 WL 6968482, at *1 (D. Minn. Oct. 26, 2011) ("It is well-settled that a federal prisoner cannot seek relief from a judgment entered against him in a federal criminal case pursuant to a declaratory judgment action."); Wilson v. Walker, No. CIV. S-07-2752, 2010 WL 500461, at *3 (E.D. Cal. Feb. 8, 2010) ("[T]he Declaratory Judgment Act, 28 U.S.C. § 2201, may not be used as a substitute for a habeas corpus petition."); Rivera v. Michigan, No. 1:06-cv-783, 2007 WL 431025, at *1 (W.D. Mich. Feb. 5,

---

¹ In his underlying criminal action, Plaintiff was designated as a career offender under U.S.S.G. § 4B1.1, in part based on the two prior North Carolina convictions of assault on a female. See (Crim. Case No. 1:01-cr-52-MR-14, Doc. No. 437 at 10: PSR). Although he does not state so in his Complaint, Plaintiff may be seeking relief under the recent Supreme Court decision of United States v. Johnson, 135 S. Ct. 2551 (2015).

3

2007) ("Relief under the Declaratory Judgment Act is not available to attack a criminal conviction."). Plaintiff has failed to plead an actionable claim for relief under the Declaratory Judgment Act, as his conviction and sentence are simply not reviewable under the Act. Because Plaintiff's claim implicates his conviction and sentence in this Court, he must bring his claim though a properly filed motion to vacate under 28 U.S.C. § 2255.[2] This action will be dismissed.

## IV. CONCLUSION

For the reasons stated herein, this action is dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed on initial review under 28 U.S.C. §§ 1915A and 1915(e). The dismissal is without prejudice to Plaintiff to seek relief through the appropriate vehicle.

2. Plaintiff's Application to Proceed in Forma Pauperis ("IFP Application"), (Doc. No. 3), is granted for the limited purpose of this review.

3. The Clerk is directed to terminate this action.

Signed: October 20, 2015

Frank D. Whitney
Chief United States District Judge

---

[2] Since Plaintiff has already filed one Section 2255 motion to vacate and the Court has denied the motion to vacate on the merits, he must first receive permission from the Fourth Circuit Court of Appeals to file another Section 2255 motion to vacate.